# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| LAURA CARTER #288550, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:16-cv-00040 |
| | ) | |
| v. | ) | CHIEF JUDGE SHARP |
| | ) | |
| SABRINA PATTERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Laura Carter, an inmate of the Bledsoe County Correctional Complex, has filed this *pro se* action under 42 U.S.C. § 1983, alleging a violation of her constitutional rights during her confinement in the Marshall County Jail. Along with her Complaint, Plaintiff filed a Certificate of Inmate Trust Fund Account, which the Court construes to be an application to proceed *in forma pauperis* ("IFP"). (ECF 2.) In addition, the complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that she lacks the funds to pay the entire filing fee in advance, her application to proceed as a pauper (ECF 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The Warden of the Bledsoe County Correctional Complex, as custodian of Plaintiff's prison trust account, is **DIRECTED** to submit to the clerk of court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in her account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the Bledsoe County Correctional Complex to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from her present place of confinement, the Warden must ensure that a copy of this order follows Plaintiff to her new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

**B. Initial Review of the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted,

or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of her federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case Plaintiff has not alleged any personal involvement by Defendant Sabrina Patterson, the jail administrator, sufficient to satisfy that standard. Plaintiff's complaint concerns the alleged inadequacy of treatment for a fractured knee she sustained in a fall, but she does not allege that Patterson had any personal involvement in that treatment. The only mention of Patterson in the entire complaint indicates that she responded to Plaintiff's administrative inquiry with "we've done what we could for

you." (ECF 1, at 4.) But an alleged failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability on any underlying claim. *See George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation...."). Supervisors cannot be held liable under Section 1983 for acts or inactions of employees absent allegations that the supervisor acquiesced, participated or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability"). Plaintiff does not allege any facts that would establish that Defendant Patterson was personally involved in or even contemporaneously aware of and disregarding any of the issues about which Plaintiff complains. Accordingly, the complaint fails to state a claim against Defendant Patterson for which relief can be granted.

The only other defendant to this action is the Marshall County Jail itself. But it is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Because Plaintiff has not claimed that the alleged violations at the jail are carried out under the authority of an unconstitutional policy or custom adopted by the county, she would not state a claim against Marshall County even if she named the county as a defendant in lieu of the jail. *See Matthews v. Jones*,

35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County."). Plaintiff's suit, therefore, fails to state a claim under § 1983 against either of the named defendants.

Accordingly, this action is **DISMISSED without prejudice** for failure to state a claim against the defendants. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Entry of this Order constitutes the judgment in this action.

It is so **ORDERED**.

_____
Kevin H. Sharp, Chief Judge
United States District Court